IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | |
| Plaintiff, | No. CIV S-10-0224 GEB DAD |
| v. | |
| JASON BERNARD BROWN and LAWRENCE L. BROWN, INDIVIDUALLY and d/b/a AMERICAN SPIRIT SPORTS BAR; and JBEEZY ENTERPRISES, LLC, an unknown business entity d/b/a AMERICAN SPIRIT SPORTS BAR, | ORDER AND AMENDED FINDINGS & RECOMMENDATIONS |
| Defendants. / | |

      This matter came before the court on July 2, 2010, for hearing of plaintiff's motion for default judgment against defendants Jason Bernard Brown and Lawrence L. Brown, Individually and d/b/a American Spirit Sports Bar; and Jbeezy Enterprises, LLC, an unknown business entity d/b/a American Spirit Sports Bar. (Doc. No. 12). Attorney Lyle Solomon appeared specially for Thomas P. Riley on behalf of plaintiff. No appearance was made by or on behalf of defendants at the hearing.

      Plaintiff's counsel indicated at the hearing that neither plaintiff nor plaintiff's counsel have received any contact from defendants since the filing of the action. The court's

docket reflects that defendants have not filed any motion for relief from the Clerk's Entry of Default on April 13, 2010, nor any opposition to plaintiff's motion for entry of default judgment despite being served with both.  Upon hearing argument, the court took plaintiff's motion under submission.

On July 27, 2010, the undersigned issued findings and recommendations recommending that plaintiff's motion be granted and that default judgment be entered against defendants in the sum of $3,800 consisting of $3,000 in statutory damages for violating 47 U.S.C. § 553 and $800 in damages for the tort of conversion. (Doc. No. 15 at 9.)  In so recommending the court noted that, "although not entirely clear" from plaintiff's motion, it appeared that the pirated program in question was a cable television broadcast and not a satellite broadcast. (Id. at 4, n.1.)  Therefore, the court recommended entry of default only with respect to Count Two of the complaint charging a violation of 47 U.S.C. § 553 (interception of a cable signal) and not on Count One charging a violation of 47 U.S.C. § 605 (interception of a satellite signal). (Id.)

On August 17, 2010, counsel for plaintiff filed objections to the findings and recommendations.  Therein, counsel argued that the court had misinterpreted the investigator's affidavit submitted in support of the application for default judgment and that, in fact, the affidavit established that the intercepted program was a satellite broadcast thereby justifying the award of damages under 47 U.S.C. § 605 rather than 47 U.S.C. § 553. (Pl's Objections (Doc. No. 16) at 7-8 of 16.)[1]  In addition, plaintiff objected to the amount of statutory damages recommended, the failure to recommend enhanced statutory damages and the damages amount awarded with respect to the conversion count. (Id. at 8-15 of 16.)

/////

---

[1] Plaintiff specifically stated that it was not objecting to the finding that damages may be awarded under only one of these two provisions. (Pl's Objections (Doc. No. 16) at 7-8, n.1 of 16.)

2

The undersigned reviewed plaintiff's objections and found that some, but not all, of those objections were well-taken. Accordingly, the findings and recommendations issued July 27, 2010, are hereby vacated and these amended findings and recommendations are issued.

## BACKGROUND

Plaintiff Joe Hand Promotions, Inc. is an international distributor of sports and entertainment programming. Defendants Jason Bernard Brown and Lawrence L. Brown operate the commercial establishment called "American Spirit Sports Bar" located at 3270-3272 Northgate Boulevard in Sacramento, California. By contract, plaintiff was granted the proprietary rights to distribute, via closed-circuit television, the "Ultimate Fighting Championship 94: St.-Pierre v. Penn 2" event (the "Program") which was telecast nationwide on Saturday, January 31, 2009. Defendants intercepted and exhibited the program in the commercial establishment referred to above without authorization to do so.

The record reflects that service of process was effected on defendants on March 18, 2010, by personal service. (Doc. Nos. 5, 6 and 7.) After defendants failed to file an answer, plaintiff filed a request for entry of default on April 9, 2010. (Doc. No. 8.) The Clerk entered default against the defendants on April 13, 2010. (Doc. No. 9.) On May 22, 2010, plaintiff filed its motion for default judgment with a proof of service reflecting service of the motion on defendants by mail.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

I. Whether Default Judgment Should Be Entered

The factual allegations of plaintiff's complaint, taken as true pursuant to the entry of default against defendants Jason Bernard Brown and Lawrence L. Brown, Individually and d/b/a American Spirit Sports Bar; and Jbeezy Enterprises, LLC, an unknown business entity d/b/a American Spirit Sports Bar establish the following circumstances: (1) defendants are the owners, operators, licensees, permitees, persons in charge, or persons with control over the commercial establishment doing business as American Spirit Sports Bar in Sacramento, California; (2) by contract, plaintiff was granted the exclusive nationwide commercial distribution rights to distribute, via closed-circuit television, the "Ultimate Fighting Championship 94: St.-Pierre v. Penn 2" event which was telecast nationwide on Saturday, January 31, 2009; (3) pursuant to the

contract, plaintiff entered into sublicensing agreements with various commercial entities throughout North America by which it granted those entities limited sublicensing rights to exhibit the Program to their patrons within their establishments; (4) as a commercial distributor of sporting events, plaintiff expended substantial monies marketing, advertising, promoting, administering, and transmitting the program to its customers; (5) with full knowledge that the program was not to be intercepted, received, and exhibited by unauthorized entities, defendants exhibited the program at the time of its transmission and did so willfully and for purposes of commercial or private gain; (6) defendant violated 47 U.S.C. § 605, et seq., which prohibits the unauthorized interception, exhibition, publication, and divulgence of such programs broadcast by satellite;[2] (7) by reason of defendant's violation of § 605, plaintiff has a private right of action; (8) defendant also tortiously obtained possession of plaintiff's program and wrongfully converted it to defendants' own use and benefit; (9) by reason of defendants' tortious conversion, plaintiff is entitled to compensatory and punitive damages; (10) the interception and exhibition of the Program violated California Business & Professions Code § 17200, et seq.; and (11) by reason of defendants' violation of the Business & Professions Code § 17200, et seq., plaintiff is entitled to such remedies as restitution, disgorgement, and attorney's fees. (Doc. No. 1 at 3-10.)

---

[2] As now clarified by plaintiff (Doc. No. 16), according to plaintiff's investigator the American Spirit Sports Bar had a satellite dish and not a cable box, thereby establishing that the pirated program was a satellite television broadcast. Therefore, only 47 U.S.C. § 605 (Count One) would be implicated and not 42 U.S.C. § 553 (Count Two). See J & J Sports Productions, Inc. v. Manzano, NO. C 08-01872 RMW, 2008 WL 4542962, at *2 (N.D. Cal. Sept. 29, 2008) ("A signal pirate violates section 553 if he intercepts a cable signal, he violates section 605 if he intercepts a satellite broadcast. But he cannot violate both by a single act of interception.") Accordingly, the court will not include the § 553 cause of action in recommending entry of default judgment. In this regard, many courts have held that a defendant cannot be held liable under both 47 U.S.C. §§ 553 and 605(a). J & J Sports Productions, Inc. v. Ro, No. C 09-02860 WHA, 2010 WL 668065, at *3 (N.D. Cal. Feb. 19, 2010); J & J Sports Productions, Inc. v. Prado, No. 2:07-cv-02104 GEB DAD, 2008 WL 822159, at *3 (E.D. Cal. Mar. 27, 2008); Kingvision Pay Per View, Ltd., v. Williams, 1 F. Supp. 2d 1481, 1484 (S.D. Ga. 1998). In any event, the overwhelming majority of courts have concluded that where, as here, the defendants have defaulted damages are to be awarded only under one or the other provision. Kingvision Pay Per View, Ltd., v. Backman, 102 F. Supp. 2d 1196, 1197, n. 1 (N.D. Cal. 2000) (and cases cited therein); see also J & J Sports Productions, Inc. v. Betancourt, No. 08cv937 JLS (POR), 2009 WL 3416431, at *2 (S.D. Cal. Oct. 20, 2009).

1         Plaintiff seeks statutory damages for the willful violation of 47 U.S.C. § 605 as alleged in Count One and for recovery of all costs and reasonable attorney's fees. (Id. at 6, 9.) Plaintiff also seeks compensatory and punitive damages, reasonable attorney fees, and costs of suit for defendants' tortious conversion of the Program as alleged in Count Three. (Id. at 7, 9-10.) Finally, plaintiff seeks restitution, declaratory relief, injunctive relief, attorney fees, and costs of suit for defendants' violation of the California Business & Professions Code as alleged in Count Four . (Id. at 8, 10.)

        Plaintiff's complaint and summons were served upon defendants Jason Bernard Brown and Lawrence L. Brown, Individually and d/b/a American Spirit Sports Bar; and Jbeezy Enterprises, LLC, an unknown business entity d/b/a American Spirit Sports Bar on March 18, 2010, by personal service. (Doc. Nos. 5-7.) The undersigned finds that the defendants were properly served with the complaint and that the Clerk properly entered the default of the defendants on April 13, 2010. (Doc. No. 9.) Defendants were also served with plaintiff's request for entry of default and application for default judgment. (Doc. Nos. 8 and 11.) Despite being served with process and all papers filed in connection with plaintiff's request for entry of default and motion for default judgment, defendants have failed to respond to plaintiff's complaint, request for entry of default, or motion for default judgment. Nor did the defendants appear at the hearing on plaintiff's motion.

        After weighing the Eitel factors, the undersigned finds that the material allegations of the complaint for the most part support plaintiff's claims. Plaintiff will be prejudiced if default judgment is denied because plaintiff has no other recourse for recovery of the damages suffered due to the defendants' failure to pay for the right to exhibit the Program.

        In light of the entry of default against the defendants, there is no apparent possibility of a dispute concerning the material facts underlying the action. Nor is there any indication that the defendants' default resulted from excusable neglect, as defendants were properly served with plaintiff's pleading as well as with plaintiff's request for entry of default

and motion for default judgment. Defendants have had ample notice of plaintiff's intent to pursue a default judgment against them.

Although public policy generally favors the resolution of a case on its merits, the defendants' failure to make a proper appearance and defend against plaintiff's claims has made a decision on the merits impossible in this case. Because most of the Eitel factors weigh in plaintiff's favor, the undersigned, while recognizing the public policy favoring decisions on the merits, will recommend that default judgment be entered against the defaulted defendants.

II. Terms of Judgment to Be Entered

After determining that entry of default judgment is warranted, the court must next determine the terms of the judgment. Upon consideration of all of plaintiff's briefing, the undersigned will recommend that damages be awarded but not in the amount requested.

By its motion for default judgment, plaintiff seeks a judgment in the total amount of $110,925. That sum consists of $110,000 for the violation of Title 47 and $925 for the tort of conversion. (Doc. Nos. 12-13.) The undersigned is mindful that the defendants were served with plaintiff's motion for default judgment and were thereby placed on notice of the amount sought by plaintiff. However, granting or denying default judgment is within the court's sound discretion, and one of the factors the court is free to consider in exercising its discretion is the sum of money at stake. See J & J Sports Productions, Inc. v. Betancourt, No. 08cv937 JLS (POR), 2009 WL 3416431, at *3 (S.D. Cal. Oct. 20, 2009).

Under the Federal Communications Act, a plaintiff may elect to seek either actual or statutory damages. 47 U.S.C. § 605(e)(3)(C)(i)(I & II). The statute provides for statutory damages for each violation of not less then $1,000 and not more than $10,000, as the court considers just. 47 U.S.C. § 605(e)(3)(C)(i) (II). Moreover, the statute authorizes enhanced damages of not more than $100,000 if the court finds the violation was "committed willfully and for purpose of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). Here, plaintiff seeks the maximum statutory damages award of $10,000 in

addition to the maximum in enhanced statutory damages award of $100,000.  Plaintiff argues that this maximum damages amount requested is justified here primarily because of the need to deter broadcast piracy in light of the harm done to plaintiff's business as a result of such activities. The court finds plaintiff's argument in this regard to be unpersuasive in light of the record before the court and not supported by the weight of authority in this area.

In this case, plaintiff's investigator has declared that during the Program broadcast in question, the number of patrons inside the Sacramento establishment was only between thirteen and seventeen.  The investigator reported that there was no cover charge for entry on the night in question.  There is no evidence before the court of any promotion by defendants that the Program would be shown at the Sacramento establishment.  There is also no evidence before the court that a special premium on food and drink was being charged on the night of the event.  The investigator did state that the establishment had six sixty-inch flat screen televisions displaying the event on the night in question but candidly described the establishment as "a dive bar with limited windows, with little lighting." (Doc. No. 12-4.)  Finally, plaintiff has presented no evidence to the court suggesting that the defendants are repeat broadcast piracy offenders based upon any previous or subsequent pirating.

In light of this record, and  taking into consideration that defendants were displaying the pirated broadcast on six, large sixty-inch flat screen televisions on the night in question to a total of between approximately thirteen and seventeen patrons, the court will recommend that judgment be entered against the defaulted defendants and that plaintiff be awarded $1,000 in statutory damages plus $3,000 in enhanced statutory damages for a total of $4,000 in damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i & ii).[3]  See J & J Sports Productions, Inc. v. Betancourt,, 2009 WL 3416431, at *4 (awarding statutory damages of $2,000 and tripling

---

[3] Title 47 U.S.C. § 605(e)(3)(c)(ii) provides for a maximum of $100,000 in enhanced statutory damages, as opposed to the maximum $50,000 in enhanced statutory damages available under 47 U.S.C. § 553(c)(3)(B) upon which the findings and recommendations filed July 27, 2010 was based.

the base award for a penalty enhancement to a total award of $6,000 in a default judgment); J & J Sports Productions, Inc. v. Medinarious, et al., No. C 08-0998 JF (RS), 2008 WL 4412240, at *3 (N.D. Cal. Sept. 25, 2008) (awarding $1,000 in statutory damages and $5,000 in enhanced statutory damages in a default judgment); Garden City Boxing Club, Inc. v. Zavala, C-07-5925, 2008 WL 3875272, at *1 (N.D. Cal. Aug. 18, 2008) (same); Garden City Boxing Club, Inc. v. Lan Thu Tran, C-05-5017, 2006 WL 2691431, at *2 (N.D. Cal. Sept. 20, 2006) (same); see also Kingvision Pay Per View, Ltd., v. Backman, 102 F. Supp. 2d 1196, 1197 n.1 (N.D. Cal. 2000) (awarding statutory damages of $1,000 with no enhanced damages under circumstances similar to those here); J & J Sports Productions, Inc. v. Ro, No. C 09-02860 WHA, 2010 WL 668065, at *3-4 (N.D. Cal. Feb. 19, 2010) (awarding $250 in statutory damages and denying request for enhanced statutory damages in light of the lack of evidence that the violation was egregious); J & J Sports Productions, Inc. v. Montecinos, No. C 09-02604 JSW, 2010 WL 144817, at *5-7 (N.D. Cal. Jan. 11, 2010) (granting $5,000 in statutory damages and $10,000 in enhanced statutory damages as part of default judgment where plaintiff presented evidence that defendants were "multiple offenders" who had engaged in "persistent theft" of such pay-per-view broadcasts); J & J Sports Productions, Inc. v. Ferreyra, No. C 08-128 LKK KJM, 2008 WL 4104315, at *1 (E.D. Cal. Aug. 28, 2008) (recommending $100,000 in enhanced statutory damages in light of defendant's prior acts of commercial signal piracy).

In his declaration in support of the motion for default judgment, plaintiff's President indicates that plaintiff also seeks the award of $925 in damages for the state law tort of conversion, representing the amount defendants would have paid plaintiff to show the Program lawfully according to the rate card for the event. (Doc. No. 13.) The rate card attached to that declaration indicates that $925 was the amount charged for the Program to establishments with audiences numbering between fifty-one and one hundred. The investigator's affidavit in this case establishes that the maximum capacity of this establishment was approximately sixty, thereby justifying the requested amount. The court will therefore recommend that plaintiff also be

awarded $925 in damages with respect to the tort of conversion.  See J & J Sports Productions, Inc. v. Ro, No. C 09-02860 WHA, 2010 WL 668065, at *4 (N.D. Cal. Feb. 19, 2010); J & J Sports Productions, Inc. v. Montecinos, No. C 09-02604 JSW, 2010 WL 144817, at *7 (N.D. Cal. Jan. 11, 2010); but see J & J Sports Productions, Inc. v. Ferreyra, No. C 08-128 LKK KJM, 2008 WL 4104315, at *1 (E.D. Cal. Aug. 28, 2008) ("Inasmuch as plaintiff seeks statutory damages rather than actual damages, plaintiff's request for damages for conversion should be denied.")

Finally, although the complaint's prayer for relief as well as the motion for default judgment indicates that plaintiff seeks the award of costs and attorney fees, neither the motion for default judgment nor the objections filed August 17, 2010, contain any argument in support of such a request.  Moreover, no evidence of costs or attorney fees incurred was submitted to the court in connection with the pending motion.  Accordingly, the court will not recommend the award of costs and attorneys fees.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that the findings and recommendations filed in this action on July 27, 2010 are vacated.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's May 22, 2010 motion for default judgment (Doc. No. 12) against defendants Jason Bernard Brown and Lawrence L. Brown, Individually and d/b/a American Spirit Sports Bar; and Jbeezy Enterprises, LLC, an unknown business entity d/b/a American Spirit Sports Bar be granted only as to the violation of 47 U.S.C. § 605 (Count One) ;

2. Judgment be entered against the defendants in the sum of $4,925 consisting of $1,000 in statutory damages plus $3,000 in enhanced statutory damages for violating 47 U.S.C. § 605; and $ 925 for the tort of conversion; and

3. This case be closed.

/////

These amended findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after these findings and recommendations are filed, any party may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 26, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:
Ddad1\orders.civil\joehand0224.amendf&r.mdj